IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RIAN LYNN,

        Petitioner,    :    Case No. 3:16-cv-213

  - vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

    :

        Respondent.

# REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Mr. Lynn filed his Petition on June 3, 2016 (ECF No. 1).  On the Court's order upon preliminary consideration (ECF No. 2), the Warden has filed the State Court Record (ECF No. 8) and a Return of Writ (ECF No. 9).  The Court set a date for Petitioner to file a reply of twenty-one days after the Return (see ECF No. 2, PageID 11).  That time expired, with the automatic extension under Fed. R. Civ. P. 6, on March 13, 2017, but no reply has been filed.  The case is therefore ripe for decision.

**Procedural History**

Rian Lynn was indicted by the Shelby County Grand Jury on two counts of rape with sexually violent offender specifications, and one count each of aggravated burglary and kidnapping (Return, ECF No. 9, PageID 209).  On a negotiated plea to the rape count, he was

sentenced to fifteen years to life imprisonment (Petition, ECF No. 1, PageID 1, ¶ 3.)  The conviction was affirmed. *State v. Lynn*, 2011-Ohio-6014, 2011 Ohio App. LEXIS 4914 (3rd Dist. Nov. 21, 2011).  Lynn took no appeal to the Ohio Supreme Court.  However, about two years later, he filed a motion to withdraw the guilty plea on the grounds his fifteen years to life sentence was different from the proposed sentence of ten years to life.  After this second motion was denied, Lynn filed a third motion to withdraw on March 12, 2014.  The trial court denied the motion March 21, 2014.  Lynn did not appeal until May 19, 2014, and the appeal was denied as untimely.  After his motion for reinstatement of the appeal was denied, he appealed to the Ohio Supreme Court which declined to accept jurisdiction.

On April 17, 2014, the trial court amended its judgment to include the mandatory five-year term of post-release control.  Lynn took no appeal but, two years later on April 14, 2014, filed a motion to vacate judgment which the trial court construed as a petition for post-conviction relief under Ohio Revised Code § 2953.21, then denied as untimely.  Lynn appealed, the court of appeals agreed the petition was untimely, and Lynn did not seek review in the Ohio Supreme Court.  Instead he filed the instant Petition pleading two grounds for relief

> **Ground One:** The plea agreement as a contract is void, ab initio, as it is contrary to law.
>
> **Supporting Facts:** I was offered a plea deal which involved me pleading guilty to my rape charge with the sexually violent predator specification with the condition that you would be sentenced to a prison term of no less than ten (10) years to life with the condition that there would be no post-release control (PRC). Initially, I was sentenced to fifteen (15) to life with no PRC. I was taken back to court to be resentenced after a motion to withdraw my guilty plea was denied. This resentencing took place on April 16, 2014. Upon resentencing I was informed that when released I would be placed on PRC for a period of five (5) years. This was not part of the deal which was struck prior to sentencing, and I would not have pled guilty had I known the state was going to go back on the deal.

2

>**Ground Two:** Motion to withdraw guilty plea, due to sentence being void, was denied.
>
>**Supporting Facts:** I put in the motion to withdraw the guilty plea because I was advised I was not going to be placed on PRC. The court proceeded to resentence me to include a 5-year term of PRC, contrary to the terms of the plea agreement contract. Our plea agreement was made in writing, and the court advised in the Criminal Rule 11 hearing that I was not going to be placed on PRC.

(Petition, ECF No. 1, PageID 4-5.)

## Analysis

The Warden argues this Court should not reach the merits of either Ground for Relief because of Mr. Lynn's numerous procedural defaults in presenting these claims to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

>In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a

federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.  Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied*, 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(*quoting O'Sullivan v. Boerckel,*

526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>       . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; *accord, Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

These claims were first presented in Mr. Lynn's Motion to Vacate Judgment filed April 14, 2016, although they are related to claims made in the prior motions to withdraw guilty plea (State Court Record, ECF No. 8, PageID 152, et seq.) The Common Pleas Court denied the

5

claims because they were untimely made and it therefore lacked jurisdiction to consider them under Ohio Revised Code § 2953.23 (Decision/Order, State Court Record, ECF No. 8, PageID 145, et seq.)  Lynn appealed, raising the following assignment of error:

> ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED, FAILING TO PROPERLY APPLY CONTRACT LAW TO DEFENDANT/APPELLANT'S PLEA AGREEMENT, IMPROPERLY ENGAGING IN REFORMATION OF THE CONTRACT WITHOUT DEFENDANTAPPELLANT'S CONSENT WHEN VACATING THE ORIGINAL CONTRACT AS CONTRARY TO STATUTE, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS UNDER STATE AND FEDERAL CONSTITUTIONS.

(Brief of Appellant, State Court Record ECF No. 8, PageID 153.)  The Third District Court of Appeals found the trial court was correct in classifying the motion as a petition for post-conviction relief and was in fact required to do so under *State v. Reynolds*, 79 Ohio St. 3d 158 (1997). *State v. Lynn*, Case No. 17-16-18 (3rd Dist., Oct. 17, 2016)(unreported; copy at State Court Record, ECF No. 8, PageID 173 at seq.)  Because the motion was untimely filed, the trial court was correct in dismissing it for lack of jurisdiction. *Id.* at PageID 176-77.

Second, the Third District found the claim was barred by Ohio's criminal res judicata doctrine in that it was a matter of record at the time of direct appeal but was not raised then. *Id.* at PageID 178-79.

Based on this decision of the Third District Court of Appeals, this Court finds Mr. Lynn's claims are procedurally defaulted by his failure to properly present them to the Ohio Courts. Applying *Maupin's* first prong, Ohio clearly has two relevant rules, to wit, the statutory time limit for post-conviction relief petitions and the criminal res judicata doctrine embedded in *State v. Perry*, 10 Ohio St. 2d 175 (1967).  Both rules were enforced against Mr. Lynn.  Both are

obviously independent of the federal nature of the claims and protect important state interests. Indeed the adequacy of the Perry rule has been repeatedly upheld by the Sixth Circuit. See *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).  Finally, Mr. Lynn has offered no cause and prejudice to excuse his defaults.  His claims are therefore barred by his procedural defaults.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 24, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

7

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).